## Case No. 6,682.

### In re HOPE MIN. CO.

[2 Sawy. 351; [1] 7 N. B. R. 598.]

District Court, D. Nevada.    March 14, 1873.

#### COUNSEL FEE AS COSTS.

Where services of counsel are rendered for the benefit of a special fund of a class of creditors, and in opposition to the interests of the general creditors, a counsel fee will not be allowed out of the general fund in excess of the statutory allowance of twenty dollars.

[Cited in Platt v. Archer, Case No. 11,214.]

Petition in bankruptcy for the allowance of a counsel fee out of the fund.

Jonas Seely, for petitioners.
W. E. F. Deal, for respondents.

HILLYER, District Judge. This is a petition by counsel of certain creditors for the allowance of a counsel fee out of the fund upon this state of facts: Some fifty creditors proved claims against the estate with security, the security in each case consisting of a lien given by a statute of this state for their wages as laborers.[2] The assignee filed a petition against two of these creditors, alleging the invalidity of the liens, and praying that they might be set aside. The creditors answered; the petition, after argument of counsel, was denied; the case was then taken by the assignee to the circuit court, and there affirmed. The counsel who acted for the lien creditors in that proceeding now petition for the allowance of a fee out of the general fund, alleging that their services were really for the benefit of all the lien creditors. The register certified that $500 is a reasonable fee. I hesitated at first about refusing to allow

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]
[2] [See Case No. 6,681.]

this fee as asked, because is certainly seems equitable that, the general creditors having through the assignee put the special creditors to this expense, their fund should pay; but further examination and reflection convinced me that this is not a proper case for such an allowance. The equitable ground which exists for it is the same that is found in every ordinary suit at law or in equity, where the almost, if not quite, universal rule is, that each party pays his own counsel fee. The prevailing party is entitled to costs, and the taxable costs are fixed by the statute with particularity. The taxable costs, as a general rule, are far from recompensing the party for his actual disbursements, to say nothing of loss of time and the vexation of the suit; but the remedy for this must be applied by the legislature, not by the courts. In the court of chancery of England compensation to the successful party is, in some cases, more nearly reached by the taxation of costs "as between solicitor and client," but our courts must be governed, in all cases to which it applies, by the law of congress regulating this matter of costs.

This application ought in strictness to have been made to the court on the hearing of the original petition. That petition, under the bankrupt act [of 1867 (14 Stat. 517)], was heard and determined as in a court of equity, and was, practically, a suit in equity to avoid the liens. The question then would have been, and now really is, whether the lien creditors, the respondents, then were entitled to tax this fee as costs. It is clear that the court then could not have lawfully allowed any other fee to be taxed than the twenty dollars given by statute as solicitor's fee upon a final hearing in equity. The law is imperative that "no other compensation shall be taxed and allowed." 10 Stat. 161.

Whenever the courts of bankruptcy have allowed a counsel fee out of the fund, it has been, universally, upon the principle that the services were rendered for the benefit of the fund out of which payment is asked. The creditor who files a petition for an adjudication of bankruptcy against a debtor, if successful, raises a fund in which all other creditors share with him pro rata, and the courts uniformly allow him, out of the fund which is the result of his exertions, his costs and reasonable expenses, including a counsel fee. Such an allowance has often been made in this court, and is, I think, in accord with the practice of courts of equity in analogous cases, and also sanctioned by section twenty-eight of the act when the proceeding is for the benefit of the fund. But the services in the present case were for the benefit of the special fund of a class of creditors, and in opposition to the interests of the general creditors out of whose fund the allowance is sought; therefore, the counsel who now petition do not bring themselves within the rule stated. The language of a recent case to which I assent, is this: "In order to justify an order that the assignee pay such claim (counsel fee), it must be clearly shown that the alleged services were properly and necessarily rendered for the purpose of benefiting or preserving the estate of the bankrupts, in the interests of the general creditors, and not in the interest of any creditor or class of creditors." In re Jaycox [Case No. 7,239]. The prayer of the petition is denied.